# EXHIBIT B

FILED
CIVIL BUSINESS OFFICE 21
CENTRAL DIVISION

2010 DEC 10 PM 1:06

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

STEPHEN L. PORTER – SBN 067177
WHITEHEAD & PORTER LLP
220 Montgomery Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 781-6070
Facsimile: (415) 788-6521

Attorneys for Defendant
Life Technologies Corporation

SUPERIOR COURT OF CALIFORNIA – UNLIMITED JURISDICTION

COUNTY OF SAN DIEGO

| | |
|---|---|
| BIOSEARCH TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LIFE TECHNOLOGIES CORPORATION, and DOES 1 through 25, inclusive, <br><br> Defendant. | Case No. 37-2010-00103944-CU-BC-CTL <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER BY DEFENDANT LIFE TECHNOLOGIES CORPORATION TO COMPLAINT OF PLAINTIFF BIOSEARCH TECHNOLOGIES, INC.** <br><br> Hearing Date: March 25, 2011 <br> Time: 10:30 a.m. <br> Location: Dept. 66 |

## I. INTRODUCTION

The failure by Plaintiff Biosearch Technologies, Inc. ("BTI") to allege the existence of any contract between it and defendant Life Technologies Corporation ("LTC") giving rise to liability is fatal to BTI's first cause of action for breach of contract. The complaint puts the proverbial cart before the horse, ignoring the fact that a license has to be created by contract before any suit can be brought for it breach. And as all of BTI's other causes of action[1] are

---

[1] BTI alleges the following causes of action: (1) breach of contract, (2) unfair competition under B&P Code §17200, (3) common law unfair competition, (4) unjust enrichment, (5) unfair advertising and (6) interference with prospective economic advantage.

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER BY DEFENDANT LIFE TECHNOLOGIES CORPORATION TO COMPLAINT OF PLAINTIFF BIOSEARCH TECHNOLOGIES, INC.; Case No. 37-2010-00103944-CU-BC-CTL

B21

premised upon the alleged breach of a nonexistent contract, they fail as well—like a house of cards without a foundation.

## II. STATEMENT OF THE MATERIAL ALLEGATIONS OF THE COMPLAINT

The substantive allegations of the complaint are as follows: BTI owns and sells a quencher dye known as "BHQ" used, *inter alia*, for production of probes for gene expression analysis. Complaint, ¶7-8. BTI sells BHQ solely for research and development purposes and prohibits any commercial, clinical and *in vitro* diagnostic uses ("commercial" use) of BHQs or products incorporating them through a limited use agreement ("EULA"). Id., ¶9. In 2009, the United States Centers for Disease Control selected BHQ probes for worldwide use in testing for the H1N1 virus. Id., ¶10. Sometime in 2009 LTC learned that BHQ had been selected for use in H1N1 probes and arranged with a third-party supplier, Glen Research ("Glen"), to purchase BHQ from the third-party distributor. Id., ¶11. LTC then sold probes labeled with BHQ in an "H1N1 Kit" to clinically diagnose swine flu. Id., ¶¶12-13. Such sales were for commercial use and, therefore, render LTC liable for breach of contract and for additional tort claims (statutory and common law unfair competition, unjust enrichment, unfair advertising and intentional interference with prospective economic advantage). Id., ¶¶14-50.

## III. ARGUMENT

### A. No Cause of Action is Alleged for Breach of a Contract Between the Parties

A general demurrer lies for failure to state a cause of action. CCP §430.120(e). The complaint does not allege the existence of any contract between BTI and LTC giving rise to liability. While the complaint alleges that LTC "arranged to purchase" BHQ from a third party, Glen, (id., ¶ 11), the complaint does not allege the terms of any contract between Glen and LTC nor does it allege any breach thereof. Rather, the breach of contract cause of action consists of a deficient allegation of contract terms (LTC arranged to purchase BHQ from Glen) and a conclusion which doesn't follow (LTC breached a contract with BTI). These allegations don't

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER BY DEFENDANT LIFE TECHNOLOGIES CORPORATION TO COMPLAINT OF PLAINTIFF BIOSEARCH TECHNOLOGIES, INC.; Case No. 37-2010-00103944-CU-BC-CTL

B22

state a cause of action for breach of contract between LTC and BTI, whether viewed separately or combined.

A contract requires (1) parties capable of contracting, (2) their consent, (3) a lawful object and (4) consideration. Civil Code § 1550. The parties must "all agree on the same thing in the same sense". Civil Code § 1580. Consent must be mutual and communicated by each party to the other. Civil Code § 1565. Acceptance of an offer must be absolute and unqualified. Civil Code § 1585. Here, the complaint does not allege the essential terms of any contract between LTC and anyone else, most importantly that LTC and Glen agreed to license terms which included the use restrictions set forth in the EULA. The complaint is also silent on other terms which are essential in any commercial contract of this nature —product specifications, price, quantity, warranty, delivery, payment, dates for performance, etc.

The complaint skirts these fatal defects. Instead, BTI alleges facts that are not relevant to any contract at issue, such as that BTI included the EULA in *its* contracts, published it on *its* website and had included it in shipments made long ago to LTC's predecessor, Invitrogen, that are unrelated to the alleged breach in 2009.[2] Complaint, ¶ 9, 3:14-16. Significantly, BTI does not allege that the EULA was a required term in any contract entered by its distributor, Glen, with third parties such as LTC. BTI alleges only that it restricted Glen's distribution rights. Id., ¶ 11, 4:4-6. Hypothetically, if Glen breached a distribution contract with BTI by selling BHQ to third parties such as LTC without including the EULA as a contract term, BTI may have a cause of action for breach of contract against Glen; however, BTI would not have any such claim against the parties with whom Glen contracted, such as LTC.

//
//

---

[2] While BTI alleges it included the EULA in sales of BHQ it made to LTC's predecessor Invitrogen in 2001, BTI does not allege breach of contract stemming from any of those sales. Complaint, ¶ 9.

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER BY DEFENDANT LIFE TECHNOLOGIES CORPORATION TO COMPLAINT OF PLAINTIFF BIOSEARCH TECHNOLOGIES, INC.; Case No. 37-2010-00103944-CU-BC-CTL

B23

### B. The Complaint is Uncertain

CCP §430.10(f) permits a special demurrer for uncertainty, which includes "ambiguous and unintelligible" pleadings. Although sometimes characterized as a disfavored ground for demurrer, a special demurrer for uncertainty lies when the defendant cannot reasonably respond—i.e., it is unclear what issues should be admitted or denied. See California Practice Guide: Civil Procedure Before Trial (TRG 2009) §7:85. In ruling on a demurrer, doubt in the complaint may be resolved against the plaintiff, and facts not alleged are presumed not to exist. *Kramer v. Intuit, Inc.* (2004) 121 Cal.App.4th 574 (modified on denial of rehearing). Here, BTI makes two disparate allegations which are uncertain and ambiguous. The first is that the EULA was included in BTI's contracts, published on its website and included in shipments to BTI's customers or "by licensed Distributors". Complaint, ¶ 9, 3:13-16. The second is that LTC arranged with a third-party supplier, Glen, to purchase BHQ from Glen. Id., ¶ 11, 4:3-4. Missing is any allegation of the terms of any contract between LTC and Glen, most importantly what was included or was absent regarding the EULA. See *Corum v. Hartford Acc. & Ind. Co.* (1945) 67 Cal.App.2d 891, 894 [Mere recitals, references to or allegations of material facts which are left to surmise are subject to a special demurrer for uncertainty.]; *Philbrook v. Randall* (1924) 195 Cal. 95, 103 [In pleading, the essential facts upon which a determination of the controversy depends should be stated with clearness and precision, so that nothing is left to surmise.]; *Hills Transp. Co v. Southwest Forest Industries, Inc.* (1968) 266 Cal.App.2d 702. [Where amended complaint was uncertain about duration of contract forming basis of action, special demurrer properly sustained]; *Landau v. Salam* (1971) 4 Cal.3d 901 [Allegation of undescribed injury, arising from two accidents, made complaint clearly deficient concerning defendants' respective liability]; *Bernstein v. Piller* (1950) 98 Cal.App.2d 441 [In action for unfair trade practices arising from alleged stealing of employees and customers, complaint was uncertain where it failed to identify the subject employees and customers, citing *Philbrook, supra*].

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER BY DEFENDANT LIFE TECHNOLOGIES CORPORATION TO COMPLAINT OF PLAINTIFF BIOSEARCH TECHNOLOGIES, INC.; Case No. 37-2010-00103944-CU-BC-CTL

B24

The ambiguity here is substantive and potentially fatal to the complaint: If BTI is alleging that the EULA was a term of a LTC-Glen contract because BTI "historically" included the EULA in <u>its</u> contracts with <u>its</u> customers, a general demurrer for failure to state a cause of action will lie. On the other hand, if BTI is suggesting that there was a contract between LTC and Glen that included the EULA as a term of agreement, that allegation must be made explicitly in order for LTC to contest it on the merits; further, the separate allegations regarding BTI's own contracts and its website would become irrelevant and subject to a motion to strike. The uncertainty must be eliminated in order for LTC to know the specific allegations against it, both for a further demurrer (or other plea in abatement) and also to defend the merits of the breach of contract cause of action.

C. **It is Not Clear Whether a Written or Oral Contract is Alleged**

Under CCP§430.10(g), a special demurrer lies when it cannot be ascertained from the complaint whether the alleged contract is oral or written. This is a fundamental defect with BTI's complaint, as the pleading hides the infirmities of the alleged contract. As with the special demurrer for uncertainty, BTI glosses over the critical fact that its complaint is, at best, based upon a contract to which it is not a party. Instead, BTI alleges terms which it contends are included in <u>its</u> contracts with customers, specifically the EULA, and then segues to the charging allegation that LTC arranged to purchase BHQ from Glen. BTI intentionally omits any allegation as to the form of any contract between LTC and Glen, i.e. whether it is in writing, oral or implied. A demurrer under Section 430.10(g) is designed to raise potential defenses, such as the statute of frauds. California Practice Guide, *supra,* at §7:91. Since any contract between LTC and Glen would be one between merchants governed by the Uniform Commercial Code, numerous contract defenses could exist depending upon whether the contract was oral or written, and upon the express terms of the latter. See, for example, Cal. Comm. Code §2201[written memorandum of contract of sale] and §2207 [written confirmation of terms and additional terms]. Where written or oral contracts may exist, the failure to specify

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER BY DEFENDANT LIFE TECHNOLOGIES CORPORATION TO COMPLAINT OF PLAINTIFF BIOSEARCH TECHNOLOGIES, INC.; Case No. 37-2010-00103944-CU-BC-CTL

B25

which type of contract is alleged makes the complaint subject to a special demurrer. *Zumbrun v. University of Southern California* (1972) 499 Cal.App.2 [Since contractual relationship between student and university has both oral and written elements, university's special demurrer to action by student, upon ground that it could not be ascertained whether the contract upon which student based her action was written or oral, was well taken].

### D.   The Tort Claims Fail in the Absence of a Viable Contract Claim

Each of the tort causes of action is predicated upon the breach of contract cause of action, namely that LTC was under a contractual obligation not to sell products containing BHQ for commercial use. For example, the second cause of action for statutory unfair competition alleges that LTC "decided to breach its license obligations to Biosearch" (Complaint, ¶ 23, 5:19-20), and that LTC engaged in unfair competition "[b]y wrongfully using the BHQ® in contravention of the license terms". Id., ¶ 25, 6:6.

Similarly, the third cause of action for common law unfair competition is based upon "using probes labeled with BHQ® in violation of the EULA". Id., ¶ 33, 7:14. The fourth cause of action contains no substantive allegations, instead merely incorporating prior allegations. Id., ¶ 37, 8:8-9. The fifth cause of action alleges that LTC did not have the right to sell products incorporating BHQ because it was prohibited by the EULA, which allegations are based upon the prior averments regarding license restrictions. Id., ¶¶ 39-42, 8:15-26. Finally, the sixth cause of action for intentional interference with prospective economic advantage incorporates the prior allegations regarding license restrictions and re-alleges that LTC's actions were in violation of licenses. Id., ¶¶ 45, 47-48, 9:5-6 and 15-24.

All of the tort causes of action depend upon the existence of a contract between the parties, one in which LTC agreed to the license terms alleged by BTI, specifically the EULA. Absent an alleged contract between the parties containing such license terms, the tort claims fail.

//

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER BY DEFENDANT LIFE TECHNOLOGIES CORPORATION TO COMPLAINT OF PLAINTIFF BIOSEARCH TECHNOLOGIES, INC.; Case No. 37-2010-00103944-CU-BC-CTL

B26

## IV. CONCLUSION

The complaint does not allege a cause of action between plaintiff and defendant. It does not allege any contract terms between defendant and a third party, Glen. Rather, it only asserts that LTC purchased BHQ from Glen. No cause of action is stated under these allegations, under any theory.

It is respectfully requested that the demurrers be sustained without leave to amend.

Dated: December 9, 2010

Whitehead & Porter LLP

By: /s/
Stephen L. Porter
Attorneys for Defendant
Life Technologies Corporation

WHITEHEAD & PORTER LLP
220 Montgomery Street, Suite 1850
San Francisco, CA 94104

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER BY DEFENDANT LIFE TECHNOLOGIES CORPORATION TO COMPLAINT OF PLAINTIFF BIOSEARCH TECHNOLOGIES, INC.; Case No. 37-2010-00103944-CU-BC-CTL

B27