# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION,<br><br>                                      Plaintiff,<br>   vs.<br><br>BIOSEARCH TECHNOLOGIES INC.,<br><br>                                      Defendant. | CASE NO. 10CV2665-JAH (MDD)<br><br>ORDER SCHEDULING EARLY NEUTRAL EVALUATION CONFERENCE FOR COMPLIANCE WITH PATENT L.R. 2.1 |

IT IS HEREBY ORDERED:

**I.** On **June 20, 2011 at 2:00 p.m.** an Early Neutral Evaluation of your case will be held in the chambers of the Honorable Mitchell D. Dembin, United States Magistrate Judge, 101 West Broadway, Suite 1100, San Diego, California, 92101. **Absent extraordinary circumstances, requests for continuances will <u>not</u> be considered *unless* submitted in *writing* no less than fourteen (14) days prior to the scheduled conference.**

Pursuant to Civil Local Rule 16.1.c and Patent Local Rule 2.1.a of the Local Rules of the United States District Court for the Southern District of California, **all counsel and each party, in addition to any other person(s) who has full and unlimited authority[1] to negotiate and enter**

---

[1] "Full authority to settle" means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int.'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes

**into a binding settlement must appear in person at the conference and must be prepared to discuss the claims, defenses and damages**. **Governmental entities may appear through litigation counsel only.  As to all other parties, appearance by litigation counsel only is *not* acceptable**.  The parties must be prepared to present demands and offers of settlement.

**II**.  Plaintiff's counsel must give notice of the Early Neutral Evaluation conference to all defendants making an appearance after the date of this notice.

**All conference discussions will be informal, off the record, privileged and confidential.**

In preparation for the Early Neutral Evaluation Conference, the parties must each submit a confidential settlement brief to chambers on or before *June 15, 2011.*  The briefs are limited to ten (10) pages.  No exhibits or other attachments will be accepted without leave of court. The settlement briefs must include must include the following:

1. For the Plaintiff a brief description of the case and the claims asserted; a specific and current demand for settlement addressing all relief or remedies sought.  If a specific demand for settlement cannot be made at the time the brief is submitted, then the reasons therefor must be stated along with a statement as to when the plaintiff(s) will be in a position to state a demand; and a brief description of any previous settlement negotiations, mediation sessions or mediation efforts.

2. For the Defendant a brief description of the defendant(s) position concerning plaintiff(s) allegations, any defenses and any counter-claims or set-offs asserted; a specific and current response to plaintiff(s) demand and the defendant(s) specific offer of settlement; and a brief description of any previous settlement negotiations, mediation sessions or mediation efforts.

General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order.  It is assumed that all parties will negotiate in good faith.

---

that the persons view of the case may be altered during the face to face conference. Pitman at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

**III**.    Any request to continue the conference or request for relief from any of the provisions or requirements of this Order must be sought by a written *ex parte* application.  The application must be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested; confirm compliance with Civil Local Rule 26.1; and, report the position of opposing counsel or any unrepresented parties subject to the Order.

If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a joint motion to vacate a conference date due to the complete settlement of the case is submitted no less than 48 hours before the scheduled conference.

**IV.**    In the event the case does not settle at the ENE, the parties must be prepared to discuss Rule 26 compliance dates and deadlines and a Claim Construction briefing schedule and hearing date. **Parties shall therefore meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than *June 13, 2011,*** and be prepared to discuss the following matters at the conclusion of the ENE conference:

1. Any anticipated objections under Federal Rule of Civil Procedure 26(a)(1)(E) to the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(A-D) and the date of initial disclosures;
2. Any proposed modification of the deadlines provided for in the Patent Local Rules, and the effect of any such modification on the date and time of the Claim Construction Hearing, if any;
3. Whether the court will hear live testimony at the Claim Construction Hearing;
4. The need for and specific limitations on discovery relating to claim construction, including depositions of percipient and expert witnesses;
5. The order of presentation at the Claim Construction Hearing; and
6. Any proposed modifications to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule.

The Court will issue an order following the ENE addressing these issues and setting dates as appropriate.

1    Questions regarding this case may be directed to the Judge's chambers at (619) 446-3972.

3  DATED: May 23, 2011

*[signature]*
Hon. Mitchell D. Dembin
U.S. Magistrate Judge